IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE CINTRON-MARRERO
Petitioner

vs                                          CIVIL 05-1476CCC

UNITED STATES OF AMERICA
Respondent

## OPINION AND ORDER

José R. Cintrón-Marrero ("Petitioner"), *pro se*, moves pursuant to 28 U.S.C. §2254 to vacate and set aside or correct his sentence entered on January 31, 2003, on the ground that he received ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. Specifically, Petitioner argues that his attorney prompted him to accept a plea agreement without explaining the consequences of the plea. For the reasons detailed more fully below, Petitioner's §2254 motion is DENIED and the Petition is DISMISSED.

## I. BACKGROUND

On November 26, 2001, Petitioner, along with four co-defendants, was the subject of a four count Indictment (Cr. No. 01-0737; docket entry 2). Count One charged a conspiracy to distribute in excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. §846. Count Two charged Petitioner and other defendants with, aiding and abetting each other, carrying firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§2 and 924 (c)(1)(A). Count Three charged petitioner and others with attempting to interfere with commerce by extortion under color of official title in violation of 18 U.S.C. §1951. Count Four charged a forfeiture up to the value of twenty-one thousand dollars ($21,000.000), pursuant to 21 U.S.C. §853 (Cr. No. 01-037; docket entry 2).

Petitioner Cintrón-Marrero pled guilty on August 6, 2002 to Counts One and Two of the Indictment (Cr. No. 01-0737; docket entries 115, 117). Petitioner's plea hearing was held before a U.S. Magistrate-Judge, who conducted an extensive colloquy with Petitioner to

CIVIL 05-1476CCC                           2

ensure that his guilty plea was knowing and voluntary, inquiring, *inter alia*, into his understanding of the nature of the charges against him, the possible penalties that he faced, and the consequences of pleading guilty.  In response to the U.S. Magistrate-Judge's questions, Mr. Cintrón-Marrero stated, under oath, that he was fully satisfied with the advice and counsel of his attorney.  Mr. Cintrón-Marrero further stated that he understood the charges against him, the potential punishment he faced, and the rights he would waive by pleading guilty, including, among others, his right to trial by jury.  Thereafter, government counsel outlined the facts the government would prove were the case to proceed to trial, and Petitioner, having listened to this recitation of the facts, affirmed that it was true and correct in all respects.   On the basis of Petitioner's sworn responses and representations, and the plea colloquy as a whole, the Court accepted Petitioner's plea of guilty, finding that he was fully competent and capable of entering an informed plea of guilty to the two charges, and that his plea to those charges was knowing and voluntary.

On January 23, 2003, Mr. Cintrón-Marrero was sentenced to a term of imprisonment of thirty-three (33) months as to Count One, and sixty (60) months as to Count Two, said terms to be served consecutively with each other as required by law for a total imprisonment term of ninety-three (93) months, a supervised release for three (3) years as to each count to be  served concurrently with each other, and a special monetary assessment of $200.00 (Cr. No. 01-0737; docket entry 218).

On January 30, 2003, Petitioner Cintrón-Marrero timely appealed his conviction and sentence (Cr. No. 01-0737; docket entry 219).  The Court of Appeals vacated the drug testing and the drug treatment conditions of supervised release, and remanded for resentencing. On December 20, 2004, an amended judgment was entered.  His 28 U.S.C. §2255 motion was filed on May 3, 2005 (Cr. No. 01-0737; docket entry 326); (Civil No. 05-1476; docket entry 1).

CIVIL 05-1476CCC                              3

## II. DISCUSSION

### A. Procedurally Defaulted Claim

Petitioner's claim that his attorney pressured him to plead guilty on the basis of an erroneous understanding of the meaning of the term "use" as it pertains to 18 U.S.C. §924(c) is properly construed not as a claim of ineffective assistance of counsel, but rather as a claim that his guilty plea was not knowing, voluntary, and intelligent.   As such, it is procedurally defaulted as a result of Mr. Cintrón-Marrero's failure to raise it on direct review.   See Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").  A petitioner may not raise a claim in a §2255 review that was not previously raised unless he is able to demonstrate (a) both cause for this procedural default and prejudice created therefrom or (b) can establish his actual innocence of the crime.   See, Bousley, 523 U.S. at 622.   In Bousley, the Supreme Court held that post-Bailey collateral attacks on §924(c)(1) convictions obtained pursuant to guilty pleas are permissible.   Id.

However, the Supreme Court's decision in Bousley rejected the position that a prisoner could show "cause" for the procedural default of failing to raise a post-Bailey challenge to a pre-Bailey conviction in a situation where the prisoner failed to raise the issue on direct review.   The Bousley Court found that "cause" can only be shown where a claim "is so novel that its legal basis is not reasonably available to counsel."   Id. at 622.   A challenge to the definition of "use" as synonymous with "possession" could not constitute such a cause because the Federal Reporters were "replete with cases involving [such] challenges," Id. at 622, well before Bailey was decided.   In the instant case, because Mr. Cintrón-Marrero cannot fulfill the requirement of showing "cause," it is unnecessary to evaluate any claim of "prejudice."

CIVIL 05-1476CCC                              4

B. Petitioner's claim that his attorney was ineffective is legally deficient

In order to prevail on a claim of ineffective assistance of counsel it must be shown that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficiencies prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052 (1984).  The defendant "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.  Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." The reviewing court should be highly deferential in scrutinizing counsel's performance, and should screen from its analysis the distorting effects of hindsight.  Id., at 688-689.

As to the prejudice prong, Petitioner has the burden to prove that the alleged deficiencies were in fact prejudicial to the outcome of the proceeding.  It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.  Strickland, at 693.

Here, Mr. Cintrón-Marrero's ineffective assistance of counsel claim focuses largely upon the Fed.R.Crim.P. 11 plea agreement that he entered.  Petitioner contends that he was denied effective assistance of counsel because the firearms charge (Count Two) was included in the Plea Agreement but counsel never discussed it with him.  He further claimed that he never carried a firearm, nor was he in a position to use or actively employ a firearm, and, as such, his guilty plea was not knowing, voluntary, and intelligent, an argument procedurally defaulted.

Petitioner's allegation of ineffective assistance of counsel directly contradicts his prior statements to the U.S. Magistrate-Judge in the Rule 11 colloquy whereby he stated (1) that he

was satisfied with his attorney's representation, see C.O.P. Tr., pp. 25, 37.; (2) that he understood the charges against him, the elements the government would be required to prove, and the maximum possible punishment for each; (3) that he was not threatened or forced to plead guilty; (4) that the Government accurately stated the terms of the plea agreement; and (5) that he agreed with the evidence the government would offer by way of proof if a trial were held.  Statements previously made under oath that affirm satisfaction with counsel are binding on the defendant absent strong evidence to the contrary.  Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed2d 136 (1977).  The Court then found that the agreement represented the complete understanding of the parties and satisfied Fed.R.Crim.P. 11.

The Plea Agreement into which Mr. Cintrón-Marrero entered was a voluntary and intelligent choice among the options available to him.  The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366 (1985).  Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Id. (Citations omitted).

Petitioner faced a maximum sentence of life imprisonment and a maximum fine of four (4) million dollars for the offense charged in Count One and a term of imprisonment of not less than five(5) years for the offense charged in Count Two which was to run consecutively with any other term of imprisonment imposed on the defendant.  Petitioner's counsel negotiated a favorable Rule 11 plea agreement that resulted in Petitioner receiving a sentence of thirty-three (33) months as to Count One, and sixty (60) months as to Count Two, said terms to be served consecutively.  Where, as here, the agreement represented a compromise between the parties, and the petitioner received a benefit, the Plea Agreement obtained by Petitioner's attorney on his behalf cannot be said to have prejudiced Petitioner or to be so deficient as to constitute evidence of ineffective performance.  Furthermore, any allegations that Petitioner's counsel did

CIVIL 05-1476CCC                                    6

not inform him of what the Rule 11 agreement said simply are self-serving at this point. Petitioner had the opportunity to raise any such concerns with the Court at the hearing on the Rule 11 plea agreement and failed to do so.

Petitioner provided no new evidence to indicate that he would be in a better position had he not pled guilty. All indications are that the advice of the defense counsel to Petitioner recommending that he accept the plea offer was within the "objective standard of reasonableness" propounded by Strickland as the first prong of an inquiry into the effective assistance of counsel. In sum, Petitioner's claims that his counsel rendered ineffective assistance in connection with the Plea Agreement have no evidentiary support and entirely lack merit. The Court hereby finds that Mr. Cintrón-Marrero failed to satisfy the Strickland test and his request for 28 U.S.C. §2255 relief due to ineffective assistance of counsel must be DENIED.

III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner José R. Cintrón-Marrero is not entitled to federal habeas relief on the claims presented. Accordingly, it is ORDERED that Petitioner José R. Cintrón-Marrero's request for habeas relief under 28 U.S.C. §2254 be DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2254 (Civil No. 05-1476; docket entry 1) be DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on May 26, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge